**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Christopher Daniel Jones,<br><br>Defendant. | No. CR-19-08265-001-PCT-MTL<br><br>**ORDER** |

**I**

Defendant Christopher Daniel Jones pleaded guilty to the crime of Carjacking, a violation of 18 U.S.C. §§ 2119(a) and 2119(1), as charged in Count 1 of the indictment. (Doc. 38 at 1) Defendant entered a guilty plea on February 26, 2020. (*Id.*) The Court entered a judgment of conviction and sentenced him to 105 months in prison, with credit for time served, on September 25, 2020. (*Id.*)

At the time, the United States Sentencing Guidelines ("USSG") § 4A1.1(d) called for the inclusion of two criminal history "status points" because Defendant "committed the instant offense while under a criminal justice sentence for Failure to Register as a Convicted Sex Offender, in the U.S. District Court, District of Arizona, Phoenix, AZ; Docket Nos.: 2:16-cr-01193-GMS-1 and 2:14-cr-00864-GMS-1." (Presentence Investigation Report "PSR" ¶ 33) Based on Defendant's status, and his prior convictions, the PSR assigned a total of 10 criminal history points and concluded that his Criminal History score is V. (*Id.* ¶¶ 29-34) Defendant's total offense level was computed as 23,

which resulted in an advisory guideline range of 84 to 105 months in custody. (*Id*. ¶ 85)

The parties jointly recommend that the Court reduce Defendant's sentence by 18 months based on Amendment 821, Part A, to the United States Sentencing Guidelines. (Doc. 47) This would eliminate the two status points from Defendant's criminal history calculation and change Defendant's criminal history score to IV, resulting in an amended advisory guideline range of 70-87 months in custody. (*Id*. ¶¶ 6-8) The Court declines to do so because the joint recommendation is unsupported by the sentencing objectives established by Congress in 18 U.S.C. § 3553(a).

**II**

The general rule is that "courts may not alter a term of imprisonment once it is imposed." *United States v. Morales,* 590 F.3d 1049, 1050 (9th Cir. 2010). An exception is found in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The statute thus provides a two-step analysis for determining whether a defendant is entitled to a sentence reduction. In the first step, the reviewing court "decides eligibility by determining whether a reduction is consistent with . . . [USSG] § 1B1.10, the policy statement that implements § 3582(c)(2)." *United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). In the second step, the reviewing court considers all applicable § 3553(a) factors and exercises its discretion in determining whether "the authorized reduction is warranted, either in whole or in part." *Rodriguez*, 921 F.3d at 1153 (quoting *Dillon*, 560 U.S. at 826). The court's consideration "cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Dillon*, 560 U.S. at 827.

**III**

Part A of Amendment 821 limits the criminal history impact of status points in USSG § 4A1.1. Under the changes, the United States Sentencing Commission struck subsection (d), which added two status points if the offense was committed while under a criminal justice sentence. In its place, the new subsection (e) states that one status point should be added if a defendant receives seven or more points calculated under subsections (a) through (d) and committed the offense while under a criminal justice sentence. The United States Sentencing Commission approved an amendment to USSG § 1B1.10(d), making Amendment 821 retroactive.

The Court finds that Defendant is eligible for a sentence reduction under the retroactive application of Amendment 821. This is because the Court, following the prior version of USSG § 4A1.1(d), assessed two criminal history status points against Defendant because he committed the offense while under a term of supervised release for his prior federal court conviction. Those two points would not be included if Defendant were sentenced under the amended guidelines.

**IV**

Section 3553(a) of Title 18, United States Code, requires that the Court consider several objectives when imposing a sentence. They include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; whether the sentence affords adequate deterrence to criminal conduct; the protection of the public from further crimes of the defendant; and whether the defendant will be provided with needed training, medical care, or treatment. 18 U.S.C. § 3553(a)(1), (2). The Court should also consider the kinds of sentences available, the applicable advisory guideline sentencing range, the need to avoid sentencing disparities, and victim restitution. *Id*. § 3553(a)(3)-(7).

The Court finds that, in this case, the retroactive application of Amendment 821 would not serve any of the § 3553(a) factors. Particularly, reducing Defendant's sentence

would undermine the need for the sentence to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence of similar violent conduct by this Defendant and others. Reducing Defendant's sentence would jeopardize public safety.

All of this is against the backdrop of the nature and circumstances of the underlying offense, a carjacking where the victim was threatened by Defendant, wielding "a knife to her side while yelling at her to drive." (PSR ¶ 5) The victim impact statement describes the victim's extensive emotional trauma at the time of sentencing. (*Id.* ¶¶ 11-12) The Court also notes the serious nature of Defendant's prior federal court convictions for Failure to Register as a Convicted Sex Offender, that the later conviction occurred while Defendant was "on escape status," and his other criminal conduct. (*Id.* ¶¶ 27-41)

**IT IS THEREFORE ORDERED** that the Joint Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on Amendment 821 to the U.S. Sentencing Commission Guidelines is **denied**.

Dated this 29th day of October, 2025.

_____
Michael T. Liburdi
United States District Judge